NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 12 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GARY RAY BETTENCOURT, | No. 19-16524 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-02895-KJM-KJN |
| v. | |
| GORDEN SPENCER, Merced County Prosecutor; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted May 6, 2020[**]

Before: BERZON, N.R. SMITH, and MILLER, Circuit Judges.

California state prisoner Gary Ray Bettencourt appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging wrongful

conviction and conspiracy claims. We have jurisdiction under 28 U.S.C. § 1291.

We review de novo a district court's dismissal under 28 U.S.C. § 1915A. *Resnick*

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000).  We affirm.

The district court properly dismissed Bettencourt's action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), because success would necessarily imply the invalidity of Bettencourt's conviction or sentence, and Bettencourt failed to allege facts sufficient to show that his conviction or sentence has been invalidated.  *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement, but must instead seek federal habeas corpus relief).  To the extent that Bettencourt seeks release on parole as an alternative to summary release, his request is denied for the same reasons.

Bettencourt's motion for appointment of counsel (Docket Entry No. 5) is denied.

**AFFIRMED.**